# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>D. KEY, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. CV-F-02-6529 REC LJO P<br><br>ORDER ADDRESSING PLAINTIFF'S OBJECTIONS, AND DENYING PLAINTIFF'S REQUEST FOR ORDER REQUIRING CLERK'S OFFICE TO GLUE ENVELOPES, FOR RE-SERVICE OF ENCLOSURES, FOR ORDER REQUIRING DEFENDANTS TO ANSWER COMPLAINT, AND FOR EXTENSION OF TIME<br><br>(Doc. 45) |

Plaintiff Jeff S. Harnden ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On July 28, 2005, the court issued an order finding that service of plaintiff's fifth amended complaint is appropriate and forwarding plaintiff summonses and USM-285 forms to fill out and return to the court. (Doc. 44.) On August 5, 2005, plaintiff filed an objection to the order. (Doc. 45.)

First, plaintiff contends that another inmate signed for and received plaintiff's legal mail. Plaintiff asserts that the Clerk's Office fails to glue the envelopes shut and instead tapes them, which allows prison officials to open and then reseal his mail. Plaintiff requests that the Clerk's Office be ordered to glue envelopes shut and that the enclosures be re-served so that he may determine what was taken.

The order was served on plaintiff at his address of record. Thus, the issue of the delivery of plaintiff's mail to another inmate is between plaintiff and prison staff. The court has no ability to

1

prevent such occurrences.

With respect to the sealing of envelopes, the court declines to direct the Clerk's Office to seal envelopes in a particular manner. Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)). Thus, plaintiff does not have a right to avoid inspection of his legal mail by mail room staff.

Plaintiff's objections establish that he received the court's two page order. (Doc. 45, 2:11.) Page two of the order specifically sets forth the documents the Clerk's Office was to enclose with the order. The language in the order allows plaintiff to compare what enclosures he actually received with what enclosures he should have received. For this reason, plaintiff's assertion that he needs all of the enclosures re-served in order to determine what is missing is unpersuasive and shall be denied at this juncture.

Second, plaintiff objects because the court did not order defendants to answer. This objection is wholly without merit. Defendants are not required to respond until they have either waived service or been served with process, neither of which has occurred yet. Fed. R. Civ. P. 4. Further, once defendants are served, they may file either an answer or a dispositive motion. Fed. R. Civ. P. 12(a). There is no requirement that defendants' first response to the complaint be an answer. Id. Thus, the court did not err by failing to order defendants to answer in the order issued on July 28, 2005, and plaintiff's request for an order requiring them to answer shall be denied.

Third, plaintiff requests a continuance. Plaintiff's bare request for an extension of time is insufficient. Plaintiff must identify what he is seeking the extension of time for. Because plaintiff has not done so, his request must be denied.

Accordingly, by this order, plaintiff's objections have been addressed. Plaintiff's request for an order requiring the Clerk's Office to glue envelopes is DENIED, plaintiff's request for re-service of the enclosures in the July 28 order is DENIED, plaintiff's request for an order requiring

1 | defendants to answer is DENIED, and plaintiff's request for a continuance is DENIED.

IT IS SO ORDERED.

**Dated:    August 9, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE