IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFF S. HARNDEN, | ) | No. CV-F-02-6529 REC/LJO P |
| | ) | |
| | ) | ORDER DEEMING PLAINTIFF'S |
| | ) | PETITION FOR WRIT OF MANDATE |
| Plaintiff, | ) | TO BE MOTION TO RECUSE |
| | ) | MAGISTRATE JUDGE AND DENYING |
| vs. | ) | DEEMED MOTION TO RECUSE |
| | ) | (Doc. 69) |
| | ) | |
| D. KEY, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On January 18, 2006, plaintiff Jeff S. Harnden, proceeding in pro per, filed a pleading captioned "writ of mandate". In this pleading, plaintiff complains of various actions and/or inactions of the Magistrate Judge assigned to this action and to various orders issued by the Magistrate Judge in connection with this action. The pleading asserts that the Magistrate Judge is biased and seeks the recusal of the Magistrate Judge.

Rule 81(b), Federal Rules of Civil Procedure, provides in pertinent part:

> The writs of scire facias and mandamus are

1

abolished.  Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed by these rules.

The court therefore deems the "writ of mandate" to be a motion to recuse the Magistrate Judge pursuant to 28 U.S.C. §§ 144[1] and 255.[2]

So deemed, the motion to recuse is denied. The standard for judging the appearance of impartiality requiring recusal under

---

[1] 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for the failure to file it within such time. A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

[2] 28 U.S.C. § 455 provides in pertinent part:

> (a) Any ... magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party ....

Section 455(a) is an objective one and involves ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983). The test for personal bias or prejudice in Section 144 is identical to that in Section 455(b)(1) and requires recusal only if the bias or prejudice is directed against a party and stems from an extrajudicial source. United States v. Sibla, 624 F.2d 864, 867, 869 (9th Cir. 1980). In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court held that recusal under Section 455(a) is subject to the limitation of "extrajudicial source" applicable to Section 144. The Supreme Court further held:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

510 U.S. at 555. The Supreme Court further explained:

> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or

3

> their cases, ordinarily do not support a bias or partiality challenge. They _may_ do so if they reveal an opinion that derives from an extrajudicial source; and they _will_ do so if they reveal such a high degree of favoritism or antagonism as to make fair judgments impossible. As example of the latter (and perhaps the former as well) is the statement that was alleged to have been made by the District Judge in <u>Berger v. United States</u>, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: 'One must have a very judicial mind, indeed, not [to be] prejudiced against the German-Americans' because their 'hearts are reeking with disloyalty.' ... _Not_ establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune.

<u>Id</u>. at 555-556. In <u>United States v. Conforte</u>, 624 F.2d 869 (9th Cir.), <u>cert. denied</u>, 449 U.S. 1012 (1980), the Ninth Circuit held that a judge's views on legal issues may not serve as the basis for motions to disqualify. <u>Id</u>. at 882. In explaining the type of bias or animus that is required to compel the recusal of a judge, the Ninth Circuit held:

> It is an animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct, unless the attitude is somehow related to a suspect or invidious motive such as racial bias or a dangerous link such as a financial interest, and only the slightest indication of the appearance or fact of bias or prejudice arising from those sources would be sufficient to disqualify.

<u>Id</u>. at 881.

4

Here, plaintiff's deemed motion to recuse the Magistrate Judge is based on plaintiff's disagreement with various actions and/or inaction or rulings of the Magistrate Judge. The court has reviewed the record in this action and concludes that the Magistrate Judge has acted appropriately in this case, that there is no evidence of bias or prejudice from an extrajudicial source, and that plaintiff's disagreements with the Magistrate Judge's rulings are a matter of review by this court under the applicable Local Rules of Practice or appeal upon final resolution of this action.

ACCORDINGLY:

1. The "writ of mandate" filed on January 18, 2006 is deemed to be a motion to recuse the Magistrate Judge; and

2. The deemed motion to recuse the Magistrate Judge is denied.

IT IS SO ORDERED.

**Dated: February 6, 2006**          /s/ Robert E. Coyle
668554                              UNITED STATES DISTRICT JUDGE

5