# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HARNDEN,<br><br>        Plaintiff,<br><br>   v.<br><br>KEY, et. al.,<br><br>        Defendants.<br>_____ / | CV F   02 6529 REC LJO P<br><br>ORDER DENYING MOTION TO POSTPONE, MOTION FOR CONTINUANCE, SECOND REQUEST/MOTION FOR CONTINUANCE EXTENSION OF TIME, REQUEST/MOTION FOR CONTINUANCE TO FILE SUMMARY OPPOSITION, MOTION FOR ENLARGEMENT OF TIME FOR DISCOVERY, AND REQUEST/MOTION FOR ORDER. (Docs.  71, 72, 74, 75, 76, 77, 78.) |

    Jeff Harnden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On February 7, 2006, Plaintiff filed a "Motion to Postpone Ruling on Defendant's Answer" and a "Motion to Continue."

    In the Motion to Postpone ruling on the Defendant's Answer, Plaintiff states that he is still in the process of conducting discovery and has not yet received eyeglasses.  However, the Court does not "rule" on an Answer.  Generally, after an Answer is filed, the Court will issue an Order setting deadlines for the filing of various motions and a discovery deadline. No such order has yet issued.  As no "ruling" occurs on an Answer, Plaintiff's Motion is DENIED.

    Plaintiff also filed a "Motion to Continue."  Here, Plaintiff indicates that discovery cannot be conducted until the parties "meet."  However, no such meeting is required.  The provision of Rule 26 requiring a conference cited by Plaintiff is inapplicable to actions "brought without counsel by a person in custody of the United Sates, a state or a state subdivision."  Rule

26(a)(1)(E)(iii).  Accordingly, Plaintiff's Motion for a continuance until such a meeting occurs is DENIED.

On February 23, 2006, Plaintiff filed another Motion titled "Second Request/Motion for Continuance."  However, this Motion is unclear.  Plaintiff says something about a Motion for Summary Judgment be filed, however, no such motion has been submitted by Defendants in this case.  Plaintiff also talks about extending a deadline, however, there is no deadline for Plaintiff to comply with.  Plaintiff also complains that he hasn't "got discovery," however, discovery has not yet been opened and thus, no discovery can be had.   Plaintiff then requests a continuance but it is unclear why he needs one.  As there are no outstanding deadlines for Plaintiff to meet, his request for a continuance is DENIED.

On February 27, 2006, Plaintiff filed yet another "Request for Continuance to file Summary Opposition to Motion."   As in the case above, no Motion has been filed by the Defendants in this case.  It is possible that Plaintiff is confusing this case with another case he may have pending in this Court or another Court.  However, there is no Motion on record in this case filed by Defendants and thus, no Opposition is necessary. The Motion for Continuance to file a Summary Opposition is DENIED.

Also on February 27, 2006, Plaintiff filed a "Motion for Enlargement of Time for Discovery."  Here, Plaintiff states that he was given an inadequate Olson review of his file.  Again, as noted above, discovery has not yet opened in this case.  Moreover, Plaintiff must make his own arrangements with the prison to review his file.  Review of the file is generally not part of the discovery process as every inmate has the ability to review his or her file subject to the time constraints and procedures within the prison.  Accordingly, the Motion for Enlargement of Time for discovery is DENIED.

Plaintiff's last Motion, also filed on February 27, 2006, is titled "Order Requested."  Plaintiff states that he needs proof of the "Attorney General's Deadline" to provide to prison officials.  It appears that Plaintiff seeks such an Order to have priority status at the law library.  However, any deadlines imposed on the parties by the Federal Rules of Civil Procedure are independent of any Court Order and the Court will not issue an Order simply for the purpose of

providing Plaintiff proof of a deadline that the opposing party has to meet. When the Court requires the parties to submit pleadings within a certain period of time, the Order issued will suffice to provide Plaintiff with documentary evidence of an existing deadline that applies to him. As of yet, however, no deadlines have been imposed. Accordingly, the Request for an Order is DENIED.

For the foregoing reasons, the Court HEREBY ORDERS:

1. The Motion to Postpone Ruling on Defendant's Answer filed February 27, 2006, is DENIED;

2. The Motion for Continuance filed February 7, 2006, is DENIED:

3. The Second Request/Motion for Continuance Extension of Time filed February 23, 2006, is DENIED;

4. The Request/Motion for Continuance to file Summary Opposition filed February 23, 2006, is DENIED;

5. The Motion for Enlargement of Time for Discovery filed April 27, 2006, is DENIED;

6. The Request/Motion for Order filed April 27, 2006, is DENIED.

IT IS SO ORDERED.

**Dated:  March 1, 2006**            /s/ Lawrence J. O'Neill
b9ed48                               UNITED STATES MAGISTRATE JUDGE