# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HARNDEN,<br><br>    Plaintiff,<br><br>  v.<br><br>KEY, et. al.,<br><br>    Defendants.<br>_____/ | CV F 02 6529 REC LJO P<br><br>ORDER DENYING MOTION TO COMPEL (Doc. 83.)<br><br>ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE (Doc. 85.) |

Jeff Harnden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 7, 2006, this Court issued a Discovery and Scheduling Order setting forth a discovery deadline of November 8, 2006. On March 30, 2006, Plaintiff filed a pleading titled "Objections to Discover and Motion to Compel." (Doc. 83.) This pleading consists of eighty (80) pages wherein he complains that Defendants have not responded to or produced certain documents via discovery.

On April 18, 2006, Defendants filed an Opposition to the Motion to Compel.

On May 5, 2006, Plaintiff moved to extend the discovery deadline.

**A. MOTION TO COMPEL**

The Court's Discovery and Scheduling Order issued March 7, 2006, stated specifically that all discovery was to comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 11-110, 7-130, 7-131, 7-132, 5-134, 5-135, 6-

1

136, 43-140 and 78-230(m) of the Local Rules of Practice for the United States Court.

Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure provides that a motion to compel contain certification that the moving party has, in good faith, conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court intervention. The Motion before the court, however, contains no certification that plaintiff has complied with the meet and confer requirement imposed by the rules. Accordingly, Plaintiff's Motion to Compel is DENIED on this basis.

Even were the Court to overlook the Rule 37 certification requirement, the Court has examined the Motion to Compel, the Opposition, the Requests for Production of Documents and Defendant's responses thereto and concludes that the Motion to Compel should be denied.

Plaintiff clearly misunderstands the purpose of a request for production of documents because instead of requesting documents, he requests an amount of money for purposes of settlement. Defendants objections to Requests Numbers 1 and 2 are therefore, appropriate.

In Request Numbers 3, 4, and 5, Plaintiff is seeking medical and inmate appeal records. However, the Defendants in this action are correctional officers and assert that they do not have possession, custody, or control over these documents. Moreover, Plaintiff may request and obtain review of the documents himself and thus, Defendant's responses are proper.

Request number 6 asks for a complete copy of the Department of Corrections Operations Manual (DOM). Defendants object on the grounds that production of the complete DOM is over broad and burdensome. Defendants further point out that a copy of the manual is available for review in the prison law library, which also contains updates. Given Plaintiff's ability to access the DOM, the response is not improper.

Requests Number 7 states "Discovery of chemical agents. Use of force. Decontamination requirements." Defendants have objected on the grounds that the request is vague, unintelligible and ambiguous. Without waiving objection, however, Defendants produced a copy of Corcoran Operational Procedure Number 1053. Plaintiff continues to object that the response is insufficient, however, the Court is inclined to agree with the Defendants in that the request is vague. Should Plaintiff seek a more sufficient or clear response, he should take care to

make his response more clear.

In Request Number 8, Plaintiff requests permission to watch a video of the incident. Defendants have made arrangements for this, however, Plaintiff complains that Inmate Dustin is not being allowed to watch with him and thus, the response is insufficient. As noted by Defendants, Inmate Dustin is not a party to this action. Thus, Defendant's response to this request is proper.

In Request Numbers 9 and 10, Plaintiff states "use of force Complaints; In the Past, against Key, Kenner and Vogel. Defendants object on the grounds that the request is over broad in that it covers any complaint made at any time. The Court is inclined to agree.

In Request Number 11, Plaintiff requested a "clean copy" of an inmate appeal which was provided by Defendants. Plaintiff now complains that the copy provided is false and censored. Plaintiff's challenges to the authenticity of a document is not proper in a Motion to Compel production of the document. Accordingly, the Motion to Compel Request Number 11 is denied.

In Request Numbers 12 and 13, Plaintiff requests that the Defendants provide him with glasses and that "Note, Because You may not wish to Meet and be Reasonable I provide Deposition of Dustin. Good luck reading, Baxter Declaration. Vivian Hesiford Asthma." Plaintiff's request for glasses, however, is not for the production of documents and is improper. Moreover, the statement provide in Request Number 13, is vague and ambiguous and Defendant's response is proper. Accordingly, Plaintiff's motion with regard to Numbers 12, and 13 is denied.

Finally, Plaintiff's complaints that he was not permitted to review his file properly in 1004, predates this action and is also not proper discovery request. Accordingly, based on the foregoing, the Motion to Compel is DENIED.

**B. MOTION TO EXTEND DISCOVERY DEADLINE**

Plaintiff has also moved to extend the discovery deadline because he cannot get pens and the Attorney General has refused to provide him with a "Tape with lap counter or headphone." In addition, Plaintiff states that he lacks privacy to take notes. Such grounds do not present good cause to extend the discovery deadline, however. In addition, according to the Court's Discovery

and Scheduling Order, the deadline does not expire until November 8, 2006, thus, any request is premature. Finally, Plaintiff should note that the mere filing of a civil action does not give Plaintiff leave to request and obtain anything he can think of. Discovery is provided solely for the purpose of obtaining information relevant to the relevant to case at hand, not for the purpose of obtaining pens, tapes, privacy or eyeglasses. Accordingly, the request is DENIED.

**C. ORDER**

The Court HEREBY ORDERS:

1. The Motion to Compel is DENIED;

2. The Motion to Extend the Discovery Deadline is DENIED.

IT IS SO ORDERED.

**Dated:    May 17, 2006**          /s/ Lawrence J. O'Neill
b9ed48                               UNITED STATES MAGISTRATE JUDGE