# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HARNDEN, | CV F 02 6529 REC LJO P |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL FILED JULY 21, 2006 (Doc. 89) |
| v. | ORDER DENYING MOTION TO COMPEL FILED AUGUST 9, 2006 (Doc. 90) |
| KEY, et. al., | ORDER DENYING MOTION TO COMPEL FILED SEPTEMBER 15, 2006 (Doc. 92.) |
| Defendants. | ORDER DENYING REQUEST WRITTEN DEPOSITION FILED SEPTEMBER 5, 2006 (Doc. 91) |

Jeff Harnden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 28, 2005, this Court found the Complaint stated a claim against Defendants Vogel, Key and Keener for use of excessive force and retaliation, and against Defendant Key for denial of medical care in violation of the Eighth Amendment. The allegations stem from a pepper spray incident occurring on November 16, 2001.

1  On July 21, 2006, Plaintiff filed a Motion to Compel. (Doc. 89.) Plaintiff filed a second
2  Motion to Compel on August 9, 2006. (Doc. 90). On September 5, 2006, Plaintiff filed a
3  Request for Leave to Take Written Depositions. (Doc. 91.) Plaintiff filed a third Motion to
4  Compel on September 15, 2006. (Doc. 92.)

**A. MOTION TO COMPEL**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed.R.Civ.P. 37(a)(2)(3). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.)

On July 21, 2006, Plaintiff filed a Motion to Compel. Plaintiff's basis for his Motion, however, is unclear. Plaintiff begins his Motion by describing an incident that occurred between him and Defendant Key the week of July 8, 2006, concerning mail. However, this incident is not part of the Complaint and provides no basis for a Motion to Compel.

The remainder of Plaintiff's Motion is wholly unclear and unintelligible. Although the Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys, at a minimum, as the moving party, Plaintiff must set forth the grounds that he believes entitle him to the relief sought. Notwithstanding the deficiencies of Plaintiff's Motion to Compel, the Court has reviewed Defendants' responses to Plaintiff's Third Request for Production of Documents and Defendant Key's responses to Plaintiff's Set 10 of Interrogatories and finds that where objections were made, the objections are not lacking in merit.

For example, Request for Production of Document No. 3 provides "Clean up the sound of all tapes provided. Defendants Keener and Vogel claim they did not sexually assault me or did not yell to see sphincter muscle or spinster or Little Lady refering [sic] to man's anius [sic] Defendants claim that they did not sexually assault Plaintiff. To win Summary Judgment . . . ." Defendants objected on the grounds that Plaintiff's request is vague, ambiguous and does not appear to request documents. Similarly, Plaintiff requests a video camera in Request No. 5 so he can "vidio [sic] wittness [sic] Charlies [sic] Manson B33920 and inmate's witness Dale Dustin

J67741. . .where lights are turned off and lights turned on where voices in a cell are recorded."
Defendants object on the basis that the request is vague, ambiguous and irrelevant.

Plaintiff's remaining requests for production are similarly vague, ambiguous or irrelevant. Plaintiff complains about lights being turned off in Request No. 6, requests a copy of the Federal Rules of Civil Procedure (Request No. 8.), that the video tape be "cleaned up" (Request Nos. 3, 10.), and for punitive damages (Request No. 11).

In addition, many of Plaintiff's Requests For Interrogatories propounded on Defendant Key are simply irrelevant to the claims at issue in this case. For example, Interrogatory C(3) asks "has inmate accused of child molest been the Victim of your abuse, on video . .. at any time?" "When Harnden was being washed by MTA Female Garvin did you take it to be a sexual attempt to exploit Hardens testicle...anus and penis when on video . .?" "Did you say shut up no ones talking to you when I said I can't breath?"

The Court finds Defendants objections, where made, are not improper. Many of Plaintiff's requests are irrelevant. "Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party . . . . Relevant information need not be admissible at the trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*." Fed. R. Civ. Pro. 26(b)(1) (emphasis added). Based on the above, the Court will DENY the Motion to Compel filed by Plaintiff on July 21, 2006, on the basis that the Court finds no impropriety in the responses to the Third Request for Production of Documents and Defendant Key's responses to Plaintiff's Set 10 of Interrogatories. Accordingly, the Motion to Compel is DENIED.

**B. MOTION TO COMPEL FILED AUGUST 9, 2006.**

Plaintiff filed a Motion to Compel on August 9, 2006. In this Motion, Plaintiff complains that he requested a copy of the video tape of the pepper spray incident at issue in this case but was not allowed to record the tape or to hear it with headphones. Plaintiff also complains that he was given an Olsen review but copies of his entire file were not provided to him. In addition, Plaintiff complains that he has requested cases from the law library but has not been provided them, has been denied glasses, a pen, that the law library has only torn copies of the Department

of Corrections Manual and thus, sanctions in the amount of $5,000 should be paid to the prison law library.

Plaintiff's Motion to Compel is improper. Plaintiff has been informed previously that a Motion to Compel is available solely to compel disclosure or discovery from the opposing party. It is not available to compel the law library to provide Plaintiff with books or cases, or to compel the prison to photocopy documents for him, for an examination of a videotape to Plaintiff's satisfaction or for pens. Should Plaintiff continue to file such Motions, the Court will summarily deny them. In any event, the instant Motion to Compel is improper and DENIED.

**C. MOTION TO COMPEL FILED SEPTEMBER 15, 2006.**

Plaintiff filed a Third Motion to Compel on September 15, 2006. In this Motion, Plaintiff again complains that the prison has refused to provide him with copies of his C-file so that he has a complete copy, that he has not been provided with a copy of the Department of Operations Manual, that he has not been provided with a photocopy of his medical file, and that his mail has been restricted. However, as in the case above, Plaintiff is misunderstanding the purpose of a Motion to Compel.

With respect to Requests for Production of Documents, Defendants are only required to produce and permit the party making the request documents for inspection and copying. Fed.R.Civ.P. 34(a). Defendants are not required to produce documents that Plaintiff has equal access to. Plaintiff is aware that his inmate and medical files are documents that he may review via the Olsen process. To the extent Plaintiff wishes to obtain photocopies, Defendants are not obligated to provide Plaintiff with photocopies but are only required to ensure that Plaintiff has access to a photocopy machine so that Plaintiff may make copies at his own expense.

Similarly, Plaintiff is not entitled to have his own copy of the Department of Operations Manual but may review it in the prison law library. Plaintiff's general complaints about the quality of that copy are not issues that can be raised in a Motion to Compel. This Court has no authority over what the prison law library has in stock or the quality of what is available to Plaintiff. Plaintiff's complaints about mail restrictions is also an issue that cannot be raised in a Motion to Compel. As the Motion to Compel is improper and does not pertain to the discovery

4

process, it is DENIED.

**D. MOTION FOR WRITTEN DEPOSITIONS (Doc. 91.)**

On September 5, 2006, Plaintiff filed a pleading titled "Notice Leave Deposition Upon Written Questions." In this pleading, Plaintiff states that he realizes that he does not need leave of court to conduct a deposition on written questions under Federal Rule of Civil Procedure 31, however, he will send them "one time" without leave of court and the next time he will go to court. Plaintiff then begins a series of questions.

It is unclear who Plaintiff is attempting to depose in this case as Plaintiff fails to identify that person in his pleading. In any event, it is improper for Plaintiff to submit his discovery request directly and solely to the Court. Discovery is generally self-executing and should not be filed with the Court. If Plaintiff wishes to depose a particular individual by written questions, Plaintiff is cautioned that he must comply with Rule 31 of the Federal Rule of Civil Procedure. Depositions by written questions entail more than simply mailing questions to the deponents and awaiting their written responses. If that is Plaintiff's intent, the more practical way of obtaining answers to questions to propound interrogatories under Rule 33 of the Federal Rules of Civil Procedure. An interrogatory is a written question asked by one party to another party, who must answer under oath and in writing. Fed.R.Civ.P. 33. The question may relate to anything within the permissible scope of discovery and the answers are admissible to the extent permitted by the rules of evidence. Fed.R.Civ.P.26(b). The reason an interrogatory is more practical is that Plaintiff does not need to incur the financial expense of retaining an officer to take responses and prepare a record. Fed.R.Civ.P. 31(b). However, should Plaintiff wish to depose an individual, he should review Rule 31 carefully and if, after reviewing the rule, he believes he is able to depose a particular individual in compliance with the rule, Plaintiff shall notify the Court and make a showing that he is able and willing to retain an officer to take responses and prepare the record. Fed. R. Civ. P. 31(b). At this point, however, there is insufficient information in the Motion to allow the Court to consider whether Plaintiff's request should be granted. Accordingly, at this time, Plaintiff's Request is DENIED.

//

**E. ORDER**

As discussed above, the Court HEREBY ORDERS:

1. The Motion To Compel filed July 21, 2006 (Doc. 89) is DENIED;
2. The Motion To Compel filed August 9, 2006 (Doc. 90) is DENIED;
3. The Motion To Compel filed September 15, 2006 (Doc. 92) is DENIED:
4. Plaintiff's Request for Written Deposition filed September 5, 2006 (Doc. 91) is also DENIED.

IT IS SO ORDERED.

**Dated:  September 27, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                             UNITED STATES MAGISTRATE JUDGE