# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN, | CV F 02 6529 REC LJO P |
| Plaintiff, | ORDER DENYING MOTIONS TO AMEND COMPLAINT (Docs. 94, 98.) |
| v. | ORDER DENYING MOTION FOR SANCTIONS (Doc. 97.) |
| KEY, et. al., | ORDER DENYING MOTION TO COMPEL (Doc. 96.) |
| Defendants. | |

Jeff Harnden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 28, 2005, this Court found the Complaint stated a claim against Defendants Vogel, Key and Keener for use of excessive force and retaliation, and against Defendant Key for denial of medical care in violation of the Eighth Amendment. The allegations stem from a pepper spray incident occurring on November 16, 2001.

On October 12, 2006, Plaintiff moved to amend his Complaint. On November 6, 2006, Plaintiff filed a Motion for Sanctions, a Motion to Compel and a second Motion to Amend the Complaint. The Court will address each Motion in turn.

**A. MOTION TO AMEND**

   *1. To Include Garvin as Defendant*

On October 12, 2006, Plaintiff moved to amend his Complaint "due to bias judge denying discovery." (Motion at 1.) Plaintiff states he wishes to add as a Defendant, Garvin, a female MTA, who Plaintiff alleges was "utalized [sic] by choice of Kenner or Vogel" and who "would not wash a man's male parts." Plaintiff states that he "previously assumed Garvin was a female not knowing for sure [he] never added her as a Defendant." Id. at 3.

Plaintiff's request to amend to add Garvin to the Complaint as a Defendant is DENIED. The claims on which this case is proceeding are excessive force and retaliation by Defendants Vogel, Keener and Key and an Eighth Amendment medical claim against Defendant Key. Plaintiff states here that Garvin, a female MTA, was used by Defendant Keener or Vogel to retaliate against him because she refused to wash a man's parts when hosing him down for purposes of decontamination. Plaintiff's allegation does not state a cognizable claim for relief. First, Plaintiff is not constitutionally entitled to have a woman wash his male parts. Second, the allegation that Defendant Keener and Vogel retaliated against Plaintiff by forcing him to contaminate his anus with pepper spray residue is already part of this proceeding.

To the extent that Plaintiff is attempting to raise an Eighth Amendment claim directly against Garvin, Plaintiff does not allege sufficient facts to state a claim.[1] In addition, Plaintiff does not provide the Court with sufficient information as to whether the new claim is exhausted. At this stage in the proceedings, Plaintiff's allegations against Defendants Vogel, Key and Keener appear to be exhausted as the Motion to Dismiss deadline expired on May 5, 2006, and Defendants did not file a Motion to Dismiss on Exhaustion grounds. Thus, until Plaintiff can demonstrate that the Eighth Amendment claim against Garvin was exhausted prior to the date he initiated this action on December 9, 2002, and Plaintiff states a claim for relief, Plaintiff may not

---

[1] Plaintiff was informed of the law concerning the Eighth Amendment in numerous Orders dismissing with leave to amend.

amend the Complaint to add Garvin as a Defendant.[2]

### 2. Motion to Add John Doe Defendant

In this pleading, although the Motion is captioned "Request to Amend with Name of John Doe Defendant" Plaintiff asks that the Court allow him to amend the Complaint to add Garvin for an Eighth Amendment violation. Plaintiff again states that Garvin operated the hose to decontaminate him but refused to wash his scrotum and anus because she was afraid to "look at a dick." (Motion at 1.) For all of the reasons outlined above, Plaintiff's second Motion to Amend Garvin to the Complaint is DENIED.

## B. MOTION FOR SANCTIONS

On November 6, 2006, Plaintiff filed a pleading titled "Objection(s) on Taking of Depositions 'Sanctions' Request, FRCP." In this pleading, Plaintiff informs the Court that he is to be deposed by Counsel for Defendants on November 6, 2006, and that the Court and the Defendants are using the wrong case number.[3] Plaintiff also states that it is clear to him that Defendants intend to use a video for impeachment purposes and that he does not object to this use. Plaintiff does request, however, "sanctions to exclude the video from trial." Plaintiff then lists a number of other objections to the use of his criminal offenses at trial.

Plaintiff's Motion for Sanctions is inappropriate. Had the Court set this matter for trial, Plaintiff would have been granted permission to file a Motion in Limine to exclude the use of certain evidence at trial. A Motion for Sanctions, however, is not the proper Motion to file to have prior convictions and other evidence excluded from trial. Again, trial has not been set in this case and thus, a Motion in Limine is also improper at this stage. Accordingly, the Motion for Sanctions is DENIED.

## C. MOTION TO COMPEL

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding

---

[2] Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

[3] Plaintiff states that he was told not to use F02 6529 REC LJO, but that he should use 1:02cv6529 OWW LJO P.

discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed.R.Civ.P. 37(a)(2)(3). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.)

On November 6, 2006, Plaintiff filed a Motion to Compel discovery. As was the case in Plaintiff's previous Motions to Compel, Plaintiff's current Motion is difficult to understand. Here, Plaintiff complains that the "Attorney General lied [because] 1053 is not a section in the operational manual." Plaintiff also states that he has had no access to items in his C file. Plaintiff then references a grievance regarding an incomplete Olsen review and states that "it" was exhausted. In Paragraph 1 of the Motion Plaintiff states:

> Vidio [sic] "Look Quick," when Vogel scratches his butt and the elbo [sic] of Vogel moves you can clearly see the food port was being opened by staff. [It was closed] tray outside of cell...why can't I have a pen; when taken to a cage to record 11.1 above which is a fictitious example.

The Court is at a loss for the meaning of this paragraph.

In Paragraph 2, Plaintiff states that he was assaulted without cause then to make the pain and suffering more complete, his cell water was turned off. Plaintiff states that he seen the 114 file for cell 4A4R-25 and wanted a copy but it was denied due to pages "_____," which Plaintiff leaves blank. Plaintiff then states that "they" use the rule to refuse copies at 602 grievance 06-319. Plaintiff attaches copies of a grievance filed wherein he was grieving the fact that he did not have a "complete Olsen review." Plaintiff concludes that because discovery has been completely ignored, he is requesting that the discovery deadline be extended and that the Court consider sanctions.

As noted above, it is difficult to ascertain the course of discovery attempted by Plaintiff warranting this Motion. As Plaintiff has attached inmate grievances concerning what Plaintiff has deemed an incomplete Olsen review, the Court presumes that this is the discovery Plaintiff is seeking to Compel. Other than these grievances, Plaintiff does not attach any Requests for Production, Admissions or Interrogatories he propounded on Defendants through their Counsel, when those items were propounded, the responses, if any, and why those responses are

4

incomplete. As such, Plaintiff's Motion is incomplete and must be DENIED.

To the extent Plaintiff is seeking to compel an Olsen review, Plaintiff may not seek an Order from this Court to compel the prison to allow such a review. Plaintiff was informed previously that the opposing party is not required to produce documents that Plaintiff has equal access to. Thus, Plaintiff may inspect his file via the Olsen process. However, such process must be sought using prison procedures. According to the inmate grievances attached to the Motion, it appears that Plaintiff's sought only verification that certain documents were in his file, specifically, documents regarding "intruded on mail."[4] When Plaintiff was informed that those documents could not be located in the file, Plaintiff appealed to the next level.

After review of the grievances attached, the Court remains at a loss as to what exactly Plaintiff is attempting to compel. Even if the Court assumes he seeks to compel the documents he was informed do not exist, the Court can provide him with no relief, as he has been told that such documents are not there. Further, Plaintiff does not state in his motion why these 602s or "disciplinarys" are relevant to this case. The Court will not make such assumptions. Plaintiff must provide the Court with what information was requested, when it was requested, who denied it and why, and why the denial was improper, including the relevance of such documents. Plaintiff fails to do so in this motion. Accordingly, the Court finds Plaintiff's Motion to Compel inadequate and as such, it is DENIED.

//
//
//
//
//
//
//

---

[4]The inmate grievance states "I requested disciplinarys [sic] and 602's dating back to F026529 REC LJO Discovery was requested other items back in 1992, or the use of intruded on mail to and from attorneys and the courts." (Exh. A, Motion to Compel.)

5

**D. ORDER**

The Court HEREBY ORDERS:

1. The Motions to Amend are DENIED;
2. The Motion for Sanctions is DENIED;
3. The Motion to Compel is DENIED.

IT IS SO ORDERED.

Dated: **December 15, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE