# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>KEY, et al.,<br><br>        Defendants. | 1:02-cv-06529-LJO-GSA-PC<br><br>ORDER DENYING MOTION TO COMPEL, FOR SANCTIONS, AND TO CORRESPOND WITH INMATE WITNESSES<br>(Doc. 145.) |

## I. BACKGROUND

Jeff Harnden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is scheduled for jury trial on December 15, 2008.

On March 21, 2008, plaintiff filed a document which he entitled "Request inmate correspondence Sanctions Discovery Denial 37A(2) FRCP $10,000 Request." (Doc. 145.) The document consists of 2 pages in plaintiff's handwriting, with 2 exhibits attached. As in many of the previous documents submitted to the court by plaintiff, it is very difficult to follow and understand. However, based on plaintiff statements in the narrative, "This will be the first Sanctions Discovery Motion;" "I requested CDC 1074 Forms to write inmate wittnesses (sic);" and "If the Court will make a Ruling Demanding Discovery, I would appreciate it;" the court concludes that plaintiff intends to bring a motion to compel discovery, for sanctions, and for the court to enable him to correspond with his inmate witnesses.

## II. MOTION TO COMPEL AND FOR SANCTIONS

The court's Discovery and Scheduling Order issued March 7, 2006, provided a deadline

of November 8, 2006, for all discovery, including motions to compel. Plaintiff filed the instant motion to compel and for discovery sanctions on March 21, 2008, well after the deadline for the submission of such motions. Moreover, plaintiff previously brought similar motions to compel and for sanctions on January 30, 2007, which were also denied as untimely. Accordingly, the motions are untimely and shall be denied.

### III. MOTION TO CORRESPOND WITH INMATE WITNESSES

Plaintiff states that he "requested CDC 1074 Forms to write inmate wittnesses (sic)," and the requests were denied. Plaintiff attaches as Exhibit A a Request for Correspondence Approval showing his request and denial of the request (on Form CDC 1074). On the form, plaintiff requests approval to correspond with Charles Manson "to cause Charly (sic) to remember me before going to the Juggler with Deposition Requests." The request was denied by prison officials for lack of documentation verifying the need to correspond.

As for plaintiff's need for correspondence due to his intention to request a deposition or obtain a declaration of Charles Manson, such requests would be untimely due to the expiration of the discovery deadline in this action, as noted above. Therefore, the court does not find good cause to enable plaintiff to correspond with Charles Manson. Plaintiff has not submitted evidence of any other request for correspondence made. Accordingly, plaintiff's motion for correspondence shall be denied.

### IV. CONCLUSION

Based on the foregoing, the Court HEREBY ORDERS:

1. The motion to compel discovery is DENIED;
3. The motion for sanctions is DENIED; and
3. The motion for the court to enable plaintiff to correspond with inmate witnesses is DENIED.

IT IS SO ORDERED.

**Dated: July 16, 2008**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE