IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN, | 1:02-cv-06529-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR ATTENDANCE OF WITNESSES AT TRIAL (Docs. 170, 173, 178, 179, 187.) |
| vs. | |
| KEY, VOGEL, and KEENER, | |
| Defendants. | |

## I. BACKGROUND

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 7, 2008, the court issued a Second Scheduling Order ("Order") which informed plaintiff of the procedures and requirements for obtaining the attendance of witnesses at trial. (Doc. 149.) Pursuant to the Order, the deadline for plaintiff to file motions for the attendance of incarcerated witnesses was October 2, 2008. Plaintiff was informed in the Order that the motions must be accompanied by declarations either by plaintiff or by the prospective witness, showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. Plaintiff was also informed in the Order of the process for requesting the attendance of unincarcerated witnesses. Plaintiff filed five motions for attendance of witnesses, two on September 24, 2008, two on October 8, 2008, and one on October 23, 2008. (Docs. 170, 173, 178, 179, 187.) . On October 23, 2008, defendants filed a response to the motions. (Doc. 184.)

## II. MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES

In this motion, plaintiff names these prospective inmate witnesses and requests their

1

attendance at trial: Himself (Jeff S. Harnden, H-31120); Dale Dustin (J-67741); Charles Manson (B-33920); Baxter (J-78731); Robert Milton (T-06653); and Washington (E-87177).

### A. Plaintiff, Jeff S. Harnden (H-31120)

Plaintiff's motion to attend trial as a witness shall be granted. The court shall issue a writ for plaintiff to be transported to trial.

### B. Dale Dustin (J-67741)

Inmate Dale Dustin was plaintiff's cellmate on November 16, 2001 and was present during the incident at issue in this action. In his pretrial statement (Doc. 181), plaintiff declares that Dustin will testify that all of plaintiff's bad behavior had totally ended before defendants used pepper spray on him and Dustin, so defendants had no valid reason to remove the inmates from the cell. Defendants do not object to this witness. Because Dustin can testify to personal knowledge of the incident at issue, plaintiff's motion as to Dustin shall be granted. The court shall issue a writ for inmate Dale Dustin to be transported to trial.

### C. Charles Manson (B-33920)

Plaintiff claims that inmate Charles Manson was housed in the cell immediately next to plaintiff's on November 16, 2001, the date of the incident at issue in this action. In his pretrial statement (Doc. 181.), plaintiff declares that Manson will testify that he too has been gassed by Sergeant Vogel and pushed into a freshly pepper-sprayed cell with no water or change of clothes. Plaintiff claims that Manson will testify that he heard plaintiff being pushed into a wall near his cell, and that Sergeant Vogel shut off the water to plaintiff's cell so that plaintiff's skin and eyes would burn from the pepper spray.

To request the attendance of an incarcerated witness, the Court's Second Scheduling Order requires plaintiff to file a Motion for Attendance of Incarcerated Witnesses accompanied by a declaration, either by plaintiff or by the prospective inmate witness, showing that the witness is willing to testify and that the witness has actual knowledge of relevant facts. The Second Scheduling Order allows knowledge of relevant facts to be shown in two ways: (1) if

2

the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred. (Second Scheduling Order, Doc. 149.)

In determining whether to grant Plaintiff's motion for the attendance of inmate Manson, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

Defendants object to this witness because plaintiff did not submit a proper declaration by Manson, and Manson does not have relevant testimony. Defendants argue that the fact that Manson was extracted from his cell by defendant Vogel on another occasion does not mean Manson has evidence that is relevant to this lawsuit. Defendants also argue that Manson has not corroborated plaintiff's allegations. Defendants also object to Manson attending the trial for logistical, financial, and security reasons, due to his high notoriety. Defendants argue that

Manson's presence at the courthouse would invite unwanted attention to an otherwise straightforward case; numerous correctional officers would be required to coordinate his transportation; and his presence in the courtroom would present security risks.

Defendants arguments have merit. Pursuant to the Second Scheduling Order, Plaintiff has not submitted the required declaration, either by himself or by Charles Manson, showing that Manson has actual knowledge of relevant facts.[1] Plaintiff's statement in his pretrial statement is not specific about how Manson happened to be in a position to see or to hear what occurred at the time it occurred. Even if Manson was in the cell next to plaintiff's at the time of the incident and heard the sound of plaintiff being pushed into a wall, Manson's presence at plaintiff's trial to testify to this fact alone does not demonstrate that plaintiff was subject to excessive force, and Manson's testimony will not substantially further the resolution of the case. Plaintiff has not described knowledge possessed by Manson which tends to link either defendant with an act rising to the level of excessive force or denial of adequate medical care. To transport a person of such notoriety as Charles Manson to court would cause great public expense due to the need for increased security at every stage of his transportation. Numerous correctional officers would be required to accompany him, and such activity would be extremely disruptive of the operation of the Court. It would be unfeasible to stay plaintiff's case until Manson is released from custody, as it appears unlikely that Manson will be released on parole any time soon, if ever. There is no evidence before the Court that Manson's testimony in this action is important enough to outweigh the inconvenience and expense of transporting him to trial. Therefore, plaintiff's motion for the attendance of Charles Manson as witness is denied.

**D.   Baxter (J-78731)**

Plaintiff declares that Baxter is an ear witness from an adjacent cell who has relevant

---

[1] A declaration is a formal, written statement that attests, under penalty of perjury, to facts known by the declarant. Black's Law Dictionary 438 (8th ed. 2004).

information. Although plaintiff refers to a declaration, no declaration was attached to any of plaintiff's five motions and plaintiff fails to submit any information about Baxter's expected testimony and how it is relevant to this action.

Defendants object to this witness, arguing that Baxter does not have knowledge relevant to any claim or defense in this lawsuit. Defendants refer to a declaration by Baxter allegedly containing hearsay by other inmates. The Court does not have this declaration.

Plaintiff's motion to bring Baxter must be denied on the grounds that the relevance of Baxter's testimony has not been established.

### E. Robert Milton (T-06653)

In the pretrial statement (Doc. 181.), plaintiff declares that Milton will testify that he heard defendants Vogel and Keener speaking of plaintiff's "sphincter muscle" when they were conducting the body search at issue in this action. Plaintiff claims that Milton is an ear witness with relevant testimony for impeachment purposes.

Defendants object to this witness, referring to a declaration by Milton which fails to offer relevant evidence. Defendants argue that Milton's testimony to impeach Vogel is not relevant to impeach Vogel, because Vogel never denied speaking about plaintiff's "sphincter muscle."

Plaintiff's motion to bring Milton must be denied on the grounds that the relevance of his testimony has not been established.

### F. Washington (E-87177)

In the pretrial statement (Doc. 181.), plaintiff claims Washington will testify about the prison's procedure of deliberately giving inmates legal mail that belongs to other inmates. Plaintiff states that Washington can testify about retaliation and the grievance procedure for mail restrictions.

Defendants object to this witness, referring to a declaration by Washington which does not demonstrate he has any relevant admissible evidence to offer at trial. The court does not have Washington's declaration.

The fact that Washington can testify that the prison gives inmates the wrong mail, that retaliation occurs, or that there is a grievance procedure at the prison is not relevant to any of the claims in this action. Therefore, plaintiff's motion to bring Washington must be denied on the grounds that the relevance of his testimony has not been established.

**III. MOTION FOR ATTENDANCE OF UNINCARCERATED WITNESSES**

In this motion, plaintiff names these prospective inmate witnesses and requests their attendance at trial: Judge Lawrence J. O'Neill, Correctional Officer ("C/O") D. Key, C/O R. Vogel, C/O J. A. Keener, MTA Garvin, R. Luna, C/O D. Williams, F. Martinez, Dr. V. Sanchez, J. Vadnais, and Psych Tech M. Alvarez.

**A.  Judge Lawrence J. O'Neill**

Under federal rules, the judge presiding at the trial may not testify in that trial as a witness. Fed. R. Evid. 605. Therefore, plaintiff's motion is denied as to Judge O'Neill.

**B.  Correctional Officers D. Key, R. Vogel, and J. A. Keener**

Correctional Officers D. Key, R. Vogel, and J. A. Keener are the defendants in this action, and their names appear on defendants' prospective witness list. Therefore, these three parties will be present at the trial and available for cross-examination by plaintiff after defendants have examined them. However, plaintiff is advised that defendants are not required to call all of the witnesses they have listed. In the Second Scheduling Order, Plaintiff was provided with information on how to subpoena unincarcerated witnesses who refuse to testify voluntarily. Plaintiff has not notified the Court that he intends to tender funds for the issuance of subpoenas, and without a subpoena, Plaintiff is not entitled to demand the appearance of any particular unincarcerated witness.[2]

Defendants have not objected to these witnesses. However, based on the foregoing, plaintiff's motion as to Correctional Officers D. Key, R. Vogel, and J. A. Keener is denied.

---

[2] For plaintiff to ensure the appearance of witnesses listed on defendants' prospective witness list, plaintiff must submit a money order for each witness, in the amount appropriate for daily witness fees and travel expenses, in a timely manner. Plaintiff should refer to instructions in the Second Scheduling Order and in the instant order.

However, as has been the Court's general practice in cases such as this, witnesses the defense plans to call shall be present at trial and shall be available for Plaintiff to call for direct examination.

### C.  MTA Garvin, C/O D. Williams, F. Martinez, Dr. V. Sanchez, and J. Vadnais

MTA Garvin, D. Williams, F. Martinez, Dr. V. Sanchez, and J. Vadnais (defendants spell the name " Vandais") are also on defendants' proposed witness list.  For the reasons stated above as to prospective witnesses D. Key, R. Vogel, and J. A. Keener, plaintiffs motion must be denied as to MTA Garvin, D. Williams, F. Martinez, Dr. V Sanchez, and J. Vadnais. However, as also stated above, witnesses the defense plans to call shall be present at trial and shall be available for Plaintiff to call for direct examination.

### D.  R. Luna and Psych Tech M. Alvarez

Assuming R. Luna and Psych Tech Alvarez refuse to testify, they must be served by subpoena to ensure their attendance at trial.   Plaintiff's motion for the attendance of Luna and Alvarez cannot be granted until the court has received the appropriate money orders from plaintiff.  As plaintiff was informed in the Second Scheduling Order, he must submit the appropriate sum of money for daily witness fees and travel expenses before subpoenas will be issued. Plaintiff lists the address of Luna and Alvarez as 4001 King Avenue, Corcoran, California.  Corcoran is located approximately 65 miles from Fresno, and the current amount allowed for mileage is $0.585 per mile.  28 U.S.C. § 1821.  At this rate, the mileage allowance for round trip travel from Corcoran to Fresno amounts to $81.90 per day. Thus, plaintiff is required to submit $40.00 witness fees plus one day's travel fees of $81.90, for a total of **$121.90 for each witness**.  Payment must be by a **money order for each witness,** made payable to the individual witness, not made payable to the court.  The deadline for submission of the money orders is **November 10, 2008**.  Accordingly, plaintiff's motion shall be denied without prejudice to renewal of the motion upon submission of the appropriate money orders to court.

## IV. PLAINTIFF'S REQUEST FOR WITNESS TO TESTIFY BY DECLARATION

Plaintiff requests prospective witnesses Harry Liddicote, Nickolas Pottroff, Vivian Heriford, Erric Bass, and Judge Lawrence O'Neill to testify at trial by declaration, indicating that these declarations will be offered as evidence at trial.

Plaintiff's request must be denied as to Judge Lawrence O'Neill. Under federal rules the judge presiding at the trial may not testify in that trial as a witness. Fed. R. Evid. 605.

As for the other witnesses, plaintiff must comply with the Second Scheduling Order and court rules to offer declarations as evidence at trial. In the pretrial order issued concurrently with this order, the Court ruled on plaintiff's proposed list of trial exhibits which includes some declarations. Plaintiff is strongly cautioned that he must follow court rules and the Court's orders or he will waive his right to present exhibits and testimony at trial.

## IV. CONCLUSION

Based on the foregoing analysis, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the attendance of witnesses at trial are granted in part and denied in part;
2. Plaintiff's motion for plaintiff's attendance at trial as a witness is GRANTED, and the court shall issue a writ for plaintiff's transportation to trial;
3. Plaintiff's motion for the attendance of inmate witness Dale Dustin is GRANTED, and the court shall issue a writ for Dustin's transportation to trial;
4. Plaintiff's motions for the attendance of inmate witnesses Charles Manson, Baxter, Robert Milton , and Washington are DENIED;
5. Plaintiff's motion for the attendance of Judge Lawrence J. O'Neill as witness is DENIED;
6. Plaintiff's motion for the attendance of unincarcerated witnesses C/O D. Key, C/O R. Vogel, C/O J. A. Keener, MTA Garvin, R. Luna, C/O D. Williams, F. Martinez, Dr. V. Sanchez, J. Vadnais, and Psych Tech M. Alvarez are DENIED without prejudice to renewal of the motions upon submission of the appropriate

money orders to court, as instructed in this order;

7. The deadline for plaintiff's submission of money orders to the court to subpoena unincarcerated witnesses who refuse to testify is **November 10, 2008**.

IT IS SO ORDERED.

**Dated:   October 31, 2008**                    /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

9