# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN, | 1:02-cv-06529-LJO-GSA-PC |
| Plaintiff, | |
| v. | ORDER DENYING REQUESTS FOR JUDICIAL NOTICE (Docs. 223, 225.) |
| KEY, VOGEL, and KEENER, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case is scheduled for trial on December 15, 2008, before Judge Lawrence O'Neill, on plaintiff's claims for excessive force and inadequate medical care. On December 4, 2008, plaintiff filed two requests for judicial notice. (Docs. 223, 225.)

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir.

1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff's first request is for the court to take judicial notice of written requests he made to prison officials for copywork, writing materials, and legal documents. Plaintiff's second request is for the court to take judicial notice of a mail restriction record and copies of rulings in his habeas corpus action.

None of these documents is relevant to plaintiff's claims at trial. The court does not take judicial notice of facts in a vacuum. A request for judicial notice must be made in the context of some proceeding in which the facts are to be placed in evidence. Plaintiff has not demonstrated that these documents are related to his claims for excessive force or inadequate medical care, or to any other issue relevant to his trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for judicial notice are DENIED.

IT IS SO ORDERED.

**Dated:   December 9, 2008**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE